EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Christian Abdiel Rodríguez Méndez<br><br>Recurrido | Certiorari<br><br>2021 TSPR 29<br><br>206 DPR ____ |

Número del Caso:  CC-2021-0010

Fecha: 5 de marzo de 2021

Tribunal de Apelaciones:

    Panel X

Oficina del Procurador General:

    Lcdo. Fernando Figueroa Santiago
    Procurador General

    Lcda. Lisa Mónica Durán Ortiz
    Procuradora General Auxiliar

Materia:  Resolución del Tribunal con Voto Particular Disidente.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

INTEGRACIÓN DE SALA ESPECIAL

ORDEN

En San Juan, Puerto Rico, a 1 de marzo de 2021.

Por estar igualmente dividido los miembros de esta sala, se constituye una Sala Especial de Despacho integrada por la Jueza Presidenta Oronoz Rodríguez, la Jueza Asociada señora Pabón Charneco, el Juez Asociado señor Rivera García, el Juez Asociado señor Estrella Martínez y el Juez Asociado señor Colón Pérez, para atender el caso CC-2021-10, El Pueblo de Puerto Rico v. Christian Rodríguez Méndez.

Lo decretó y firma,

Maite D. Oronoz Rodríguez
Jueza Presidenta

CERTIFICO:

José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Christian Abdiel Rodríguez Méndez<br><br>Recurrido | CC-2021-0010 | Certiorari |

Sala Especial de Despacho integrada por la Jueza Presidenta Oronoz Rodríguez, la Jueza Asociada señora Pabón Charneco, y los Jueces Asociados señores Rivera García, Estrella Martínez y Colón Pérez

RESOLUCIÓN

En San Juan, Puerto Rico, a 5 de marzo de 2021.

A la petición de certiorari, no ha lugar.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Rivera García expedirían. El Juez Asociado señor Rivera García emitió un Voto Particular Disidente al cual se une la Jueza Asociada señora Pabón Charneco.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| El Pueblo de Puerto Rico<br><br>Peticionario<br><br>v.<br><br>Christian Abdiel<br>Rodríguez Méndez<br><br>Recurrido | CC-2021-0010 |

**Voto Particular Disidente emitido por el Juez Asociado señor RIVERA GARCÍA al cual se une la Jueza Asociada señora PABÓN CHARNECO.**

En San Juan, Puerto Rico, a 5 de marzo de 2021.

Por considerar que la sentencia confirmatoria del Tribunal de Apelaciones constituye un error sustancial al avalar la concesión de una pena alternativa de restricción domiciliaria y en consecuencia, menospreciar el texto claro de la Ley de Vehículos y Tránsito, me veo precisado a disentir con vehemencia de la denegatoria de este recurso por parte de tres miembros de este Tribunal. Lamentablemente con este curso de acción, los distinguidos compañeros le dan la espalda a las víctimas de delitos sin fundamento jurídico alguno para sostener el proceder erróneo de los foros recurridos. En el racional para ello, la mayoría de la Sala Especial de Despacho adopta una interpretación errada e incoherente de nuestro estado de derecho. Veámos.

El señor Rodríguez Méndez conduciendo un vehículo de motor bajo los efectos de bebidas embriagantes y a exceso de velocidad (69 millas por hora) impactó una patrulla de la Policía estacionada, con las luces encendidas al igual que los biombos. Como resultado, dos agentes del orden público que se encontraban en gestiones oficiales sufrieron graves lesiones físicas. El agente Torres Rosado sufrió serios traumas en ambos hombros, codos,

cadera, rodillas y el tobillo derecho. Por su parte, el agente Valentín Belén sufrió una herida abierta en el cráneo, dislocación del hombro, sangrado interno, perforación de un pulmón, fracturas en distintas partes del cuerpo y como consecuencia de los daños en la columna vertebral quedó en estado parapléjico.

Ante la negligencia crasa y temeraria del conductor, el Ministerio Público presentó las correspondientes denuncias por infracciones al Artículo 5.04 (b) por exceso de velocidad, el Artículo 7.02 por conducir bajo los efectos de bebidas embriagantes y dos cargos por grave daño corporal tipificado en el Artículo 7.06 de la Ley Núm. 22-2000, según enmendada, conocida como la *Ley de Vehículos y Tránsito de Puerto Rico.* También se presentó una denuncia por ausencia de seguro obligatorio que requiere la Ley Núm. 253-1995, según enmendada. Durante el proceso judicial, el señor Rodríguez Méndez hizo alegación de culpabilidad por todos los delitos según imputados, sin que mediara preacuerdo alguno con la Fiscalía.

Previo a dictar sentencia en el foro primario, las víctimas expresaron enérgicamente su oposición a que se le concediera algún privilegio al convicto. También afirmaron que su conducta constituía un riesgo para la comunidad. Por otro lado, el Técnico Sociopenal que preparó el Informe Pre-Sentencia recomendó una sentencia mixta o fraccionada. A pesar de ello, el Tribunal de Primera Instancia actuando en claro menosprecio a la letra de la ley, dictó una sentencia en la que le concedió la pena alterna de restricción domiciliaria al convicto.

Observamos que el Artículo 7.04 de la Ley de Vehículos y Tránsito dispone que la persona que viole lo dispuesto en el Artículo 7.02 incurrirá en delito menos grave 9 LPRA sec. 5204. Ahora bien, el Artículo 7.06 Ley 22-2000, 9 LPRA sec. 5206, dispone expresamente lo siguiente:

***Penalidades en caso de grave daño corporal a un ser humano***

Si a consecuencia de la violación a lo dispuesto en los Artículos 7.01, **7.02** o 7.03 de esta Ley, **un conductor causare grave daño corporal a un ser humano, incurrirá en delito grave con pena de cinco (5) años de reclusión,** pena de multa no menor de mil (1,000) dólares ni mayor de cinco mil (5,000) dólares y pena de restitución. Además, conllevará la suspensión de la licencia de conducir por un término no menor de dos (2) años ni mayor de siete (7) años, así como no impedirá otro proceso, por los mismos hechos, por infracción a los Artículos 7.01, 7.02 o 7.03 de esta Ley. Para los efectos de esta Ley, **"grave daño corporal" significará aquel daño que resulte en la incapacidad física o mental, ya sea parcial o total, temporal o permanente, que afecte severamente el funcionamiento fisiológico, físico o mental de una persona.** También, incluye un daño corporal que envuelva un riesgo sustancial de muerte, pérdida de la conciencia, dolor físico extremo, desfiguración prolongada y obvia, pérdida prolongada o incapacidad de la función de un miembro del cuerpo, órgano o facultad mental. [...]. el Artículo 7.08 de la Ley 22-2000 dispone que "**[e]l Tribunal podrá suspender los efectos de la sentencia de reclusión impuesta bajo este Capítulo <u>con excepción de convicciones bajo el Artículo 7.06 el cual no tendrá el beneficio de una sentencia suspendida</u>**".

En su desacertada aplicación del derecho por parte del Tribunal de Apelaciones, este foro sostuvo que el

Tribunal de Primera Instancia no abusó de su discreción y tampoco incurrió en error al sustituir la pena de reclusión por la pena alterna de restricción domiciliaria. No hay duda que su dictamen ignora los preceptos de la Ley de Vehículos y Tránsito que diáfanamente le imponen al juzgador dictar una sentencia de reclusión carcelaria según lo quiso el legislador. Más aún, los foros recurridos se apartaron arbitrariamente del principio de especialidad que rige la conducta imputada. Por ello, tengo la firme convicción que el foro primario incurrió en un claro abuso de discreción y un error manifiesto que debió mover la discreción de esta sala para recomendar al Pleno la expedición del recurso presentado por el Procurador General y así pautar una norma precisa que atendiera una controversia de alto interés social y que incide sobre la seguridad pública en nuestras carreteras.

En vista de lo expresado, no tengo otra opción que **disentir firmemente** ante la falta de sensibilidad hacia estas víctimas y la ofensa al sentido de justicia que constituye esta decisión. Es evidente que **hiere la retina**. Con este proceder se premia al delincuente y se laceran los cimientos de nuestro sistema de justicia. Ante esa ecuación, algunos se preguntan, por qué razón el pueblo desconfía en su modelo de justicia penal.

Ese cuestionamiento de nuestra sociedad exige responder con acciones afirmativas dirigidas a fortalecer la confianza pública en el Poder Judicial. Estoy seguro que ese compromiso lo compartimos todos en esta Curia.

Edgardo Rivera García
Juez Asociado